SAMUEL W. NASH, RESPONDENT, v. WHITE'S BANK OF BUFFALO, APPELLANT.

SAMUEL W. NASH, RESPONDENT, v. THE MANUFAC-TURERS AND TRADERS' BANK, APPELLANT.

*Construction of amendatory statutes — when an amendment does not take away the right to recover penalties incurred under the original act prior to its amendment — 1870, chap. 163; 1880, chap. 567.*

In October, 1878, an action was commenced, under section 1 of chapter 163 of 1870, to recover from the defendant, a bank, double the amount of interest taken by the defendant on discounting certain promissory notes, upon the ground that they were discounted at a rate of interest greater than seven per cent per annum. The first section of the said act authorized every banking association to take and charge interest at the rate of seven per cent per annum, and provided that "in case a greater rate of interest has been paid, the person * * * paying the same * * * may recover back twice the amount of the interest thus paid from the association taking or receiving the same." Chapter 567 of 1880 amended the first section of the act of 1870, stating that it "is hereby amended so as to read as follows." It then set forth the same section substantially as in the former act, except that the words "six per centum" were inserted in the place of the words "seven per centum." This action was tried for the third time in March, 1884, and judgment in favor of the plaintiff entered therein in September of that year.

*Held*, that the amendment to the act of 1870 did not take away the plaintiff's right to recover the penalties imposed by the first act for a violation of its pro-

. visions, where such penalties had been incurred before the passage of the
amendatory act.

*Knox* v. *Baldwin* (80 N. Y., 610) distinguished.

APPEAL by the defendants from judgments, entered on the reports
of a referee.

The actions were commenced in October, 1873, founded on chapter
163, of the Laws of 1870, to recover penalties given by that act for tak
ing illegal rates of interest. The complaint in the first action contains
274 counts, by each of which the plaintiff charges that he presented
to the defendant a promissory note (describing it), and made appli-
cation for its discount, and that the defendant purchased of him
and discounted the note " at a greater rate of interest than seven
per cent per annum (specifying amount, etc.), in violation of the
provisions of the statute referred to." The plaintiff recovered in
that action $4,801.58. The complaint in the second action con-
tained 274 counts substantially the same, except in the description of
the notes and amount of discount, and the plaintiff recovered
in that action $7,478.74.

*Sherman S. Rogers*, for the appellants.

*Joel L. Walker*, for the respondent.

BRADLEY, J.:

The defendants are banking associations, organized pursuant to
the general law of the State. Their place of business is the city of
Buffalo. They came within the provisions of chapter 163, Laws of
1870. And these actions were brought to recover upon liabilities
alleged to have been incurred by receiving from the plaintiff and
reserving a greater rate of interest on the discount of notes presented
by him and discounted by the defendants than that allowed by the
statute. This is a review of the third trial. That of the first appears
in 68 New York Reports, 396. In that of the second trial the
opinion of the General Term is not reported. (25 Hun, 311.)

The question now here for consideration is whether the provi-
sions of the act of 1870 remained operative, or any statute existed
to support the right of action or recovery by the plaintiff at the
time the trials and recoveries were had. These actions were tried
in March, 1884, reports made in July, and judgments entered in
September, 1884.

The first section of the act of 1870 provided that "every banking association * * * is hereby authorized to take, receive, reserve and charge, on every loan or discount made, or upon any note, bill of exchange or other evidences of debt, interest at the rate of *seven* per cent per annum, * * * and in case a greater rate of interest has been paid, the person * * * paying the same * * * may recover back twice the amount of the interest thus paid from the association taking or receiving the same," etc. The question arises on the effect of the act passed June 4, 1880, providing that the first section "is hereby amended so as to read as follows." Then the section is set forth, and is substantially the same as that of 1870, except that "six per centum" is inserted in the place of seven per cent. (Laws of 1880, chap. 567.) The plaintiff wholly derives his right of action from the act of 1870, and that is penal in character. The causes of his actions are not vested rights in such sense that they may not be taken away from him by legislation. The remedy is not one to obtain satisfaction for injuries to persons or property, or for the protection of rights of either, but to recover twice the amount of interest taken in excess of that permitted by law. The right of recovery is given as a punishment for violation of the statute, and not merely as damages for an injury done to the plaintiff. It does not come within those which are vested rights, and the legislature is not denied the power to divest or destroy them. It was, therefore, within the legislative power to remove the support given by the statute to the action at any time before, and thus defeat recovery. (*Butler* v. *Palmer*, 1 Hill, 324; *Norris* v. *Crocker*, 13 How. [U. S.], 439; *Oriental Bank* v. *Freeze*, 18 Maine, 109; S. C., 36 Am. Dec., 701.)

It is contended by the defendant's counsel that the first section of the act of 1870 was repealed by that of 1880. If that is so, all rights of action under the former were defeated and the plaintiff's right to recover barred. The title of the latter act and the terms of the act itself import an amendment merely of the prior one. It does not repeal it as a whole, nor does it have the effect of a repeal and re-enactment of those portions of the prior one carried into it.

They have continued operative from the time of the passage of the first act, and remain effectual so far as applicable to causes of action accruing since its passage, and prior to the amendatory act.

(*Ely* v. *Holton*, 15 N. Y., 595; *Moore* v. *Mausert*, 49 id., 332; affirming 5 Lans., 173; *People* v. *Supervisors*, 67 N. Y., 109, 117; *Goillotel* v. *Mayor*, 87 id., 441, 445; *Calhoun* v. *D. and M. R. R. Co.*, 28 Hun, 379.)

The method adopted in this instance is that which has for many years been applied in the amendment of statutes, and is within the requirement of the Constitution. (Art. 3, § 17.) The effect is the same as if the amendment had been made by the insertion of the changed words in the then existing statute. The parts stricken or left out are abrogated. The new provisions take effect only from the time of the amendment, and the portions of the amended act retained have not ceased, but continue to be the law as from the time first enacted. The act contained no saving provision. The question arises whether to any, and what, extent the then existing rights of action were affected by this process of amendment of the act of 1870. The provision, making seven per cent the legal rate of interest for the banking associations to take, is abrogated, and six per centum substituted. This is prospective only, and is the basis of subsequently accruing rights founded on the statute. But the provision giving right to sue and "recover back twice the amount of the interest thus paid," in excess of that permitted to be taken, has not been disturbed by the act of 1880, but still continues to form a part of the act of 1870. This statute of 1870, although it has no place from which it speaks except in that of 1880, into which it has been introduced, still declares the right to sue and recover. This right thus expressed covers two periods, so to speak. One, when the legal rate of interest was seven, and the other later, when it is six per cent per annum, as the boundary of profit to banking associations in the discount of commercial paper.

It therefore declares the legislative intent to continue and afford the right of action for those causes which accrued under the statute prior to June 4, 1880, when the rate of interest was seven per cent, as well as to apply the same provisions for causes thereafter accruing, founded upon a less rate of interest. The abrogation of the former and substitution of the later rate of interest was but a modification to conform it to the general statute on the subject (Laws 1879, chap. 538), and did not have the effect to defeat rights which had accrued, inasmuch as the statute giving the right of

action and expressing the liability remained, unless the measure of liability was so removed or extinguished as not to permit the relief. This view is in harmony with and required by propositions deemed well settled in respect to the construction and application of statutes. (*People* v. *Supervisors*, 67 N. Y., 109, 117, 119; *Calhoun* v. *D. & M. R. R. Co.*, 28 Hun, 379, 388, 389; *Syracuse Savings Bank* v. *Town of Seneca Falls*, 86 N. Y., 317, 322; *Goillotel* v. *Mayor*, 87 id., 441, 545; and see cases cited, *supra*.)

In *Palmer* v. *Conley* (4 Denio, 374; affirmed 2 N. Y., 182) the action was for a penalty given against a tenant and those who should knowingly assist him in the removal of goods from demised premises, to avoid the payment of rent. (2 R. S., 503, § 17.) And after the cause of action accrued the statute providing for distress for rent was repealed (Laws 1846, chap. 274), while that action was pending. It was there contended that inasmuch as the foundation of the cause of action was the right to distrain for rent, and that was repealed, the remedy went with it. The court held that the repeal did not affect the then existing cause of action, and this was evidently on the ground that the section of the statute giving the right of action to recover it was not repealed, and thereby those penalties which had previously accrued could be recovered. The action could not be supported on any other ground. (See note, 4 Denio, 377; *Fisher* v. *N. Y. C. and H. R. R. R. Co.*, 46 N. Y., 656.) In the case at bar the provisions of the statute of 1870, giving the right of action, still remain in force and have relation back to that time. The act of 1880 merely increased the limitation and thereby reduced the rate of legal interest. It is difficult to see how that can be construed to abrogate the penalty for violation of the provision of that of 1870. The seven per cent was no part of it. The liability was founded in the excess taken, and supported wholly by it. That has not been disturbed by the provisions of the subsequent act, but those of 1870 are completely continued and retained with all the vigor they then possessed. Such excess and its duplicated amount are so distinguished from the abrogated seven per cent that they may be treated as the subject of the continued operative provisions of the former act and still support the actions.

The learned counsel for the defendants cites *Knox* v. *Baldwin* (80 N. Y., 610), and refers to a proposition there stated in support

of his contention here. That was an action to recover of a trustee of a corporation organized under the general manufacturing act, for failure to file its report as required by section 12 of that act. The company was organized in June, 1868. The default alleged was the failure to make and file a report in January, 1869. By section 12 of the act of 1848 (chap. 40) it was required to be done within twenty days from the first day of January. In 1875 that section was "amended so as to read as follows," and then was inserted the section as it before then was (Laws 1848, chap. 40; Laws 1871, chap. 657), except that it was so modified as to the time of filing the first report as not to require it to be done within a year after the organization of the company. (Laws 1875, chap. 510.) So that a corporation starting after January in any year would not be required to make a report until in January of the second year thereafter. That action was commenced after the passage of the act of 1875, and the proposition there stated in the opinion delivered was that the fact that the provision of section 12 of the act of 1848, requiring a report in January of each year after the organization of the company, was repealed in 1875, was conclusive against the plaintiff's right to maintain the action. That proposition, so stated, bears apparently with some force on the question here. It was not necessary to the result given to that case, which was well decided on other grounds, and especially that of the statute of limitations, which was treated by the court as decisive, and was apparently adopted as that which was effectual if the other objections discussed " could be overcome." Yet this view expressed by the learned judge who delivered the opinion is entitled to and requires such respect and consideration that we should hesitate to deny to that proposition, application and effect, if the question in this case came within and was not distinguishable from it. It may be said that the statute there distinctly abrogated the provision of the act of 1848, requiring the making of a report by a company within the first year of its existence, and that no duty thereafter existed to support a breach.

The amendment in question here has made, in terms, no change in the penalty given by the act of 1870. The modification is not inconsistent with the liability which existed before, as the statute designated no specific sum as the amount to be recovered, but continued it dependent on the amount of the prohibited excess. It

cannot be said that the consequences of the violation of the statute have been increased or diminished by the amendment. It is still a liability for double the excess over a designated rate treated as the legal rate of interest. And therefore the provisions of the statute, as amended, are not in the respect in question repugnant to the continuance of the operation of the retained provisions of the act of 1870 in support of liabilities incurred under the latter prior to the amendment. (*Commonwealth* v. *Herrick*, 6 Cush., 465.) The effect is a modification for the purposes of subsequent transactions of discount by banking associations rather than a repeal. The question is one of some importance and interest as applied to the construction of statutes.

These views lead to the conclusion that the judgments should be affirmed.

SMITH, P. J., and HAIGHT, J., concurred; BARKER, J., not sitting.

Judgment affirmed.