THE PEOPLE OF THE STATE OF NEW YORK ex rel. DENNIS H. KENNEDY and Others, Relators, *v.* PETER LAHR and Others, Defendants.

*City of Hudson — commissioners of excise — appointment and continuance in office — eligibility of a supervisor of a city ward.*

By force of the provision of section 2 of chapter 401 of the Laws of 1892, which took effect April 30, 1892, providing that "the term of office of every commissioner of excise now in office shall be the term for which he was elected or appointed, and the term of office of every commissioner of excise appointed prior to the expiration of the term of the mayor now in office, shall be for the term as now provided by law," commissioners of excise of the city of Hudson appointed

April 4, 1892, by the mayor, whose term of office continued to the end of that year, for a term of three years from May 1, 1892, as provided by chapter 145 of the Laws of 1879 then in force, are entitled to hold their office for such term of three years, although said act of 1879 was repealed, and the time and manner of appointing and the tenure of office of excise commissioners were changed, by the act of 1892.

Such appointment on April 4, 1892 — having been a valid appointment for the term of three years from May 1, 1892, as provided by law at the time the act of 1892 took effect, and, therefore, preserved by that act — it was not affected, or a vacancy in office created, by a subsequent appointment, on July 23, 1892, of the same persons by the same mayor for the unexpired portion of the same term, and their qualification under such appointment, nor by the appointment of other persons as excise commissioners, in January, 1893, by the succeeding mayor who took office January 1, 1893, and their qualification as such..

The appointment made April 4, 1892, for the term of three years from May 1, 1892, having been a valid appointment under the act of 1879, then in force, was within the saving clause of section 45 of chapter 401 of the Laws of 1892, which provides that the repeal of any law by it shall not affect or impair any act done or right accrued prior to the taking effect of the act of 1892, under or by virtue of any law so repealed.

A supervisor of a city ward is not rendered ineligible to the office of excise commissioner of the city merely by force of the provision of section 3 of chapter 401 of the Laws of 1892, that "no person shall be eligible to the office of commissioner of excise who is a supervisor, justice of the peace or town clerk of a town."

*People ex rel. Furman* v. *Clute* (50 N. Y. 451), distinguished.

SUBMISSION of a controversy without action upon an agreed statement of facts under section 1279 of the Code of Civil Procedure.

*L. F. Longley*, for the relators.

*Collier, Collier & Browning*, and *Edward F. McCormick*, for Peter Lahr et al.

MAYHAM, P. J.:

This is a submission, under section 1279 of the Code of Civil Procedure, presenting to this court for adjudication and determination questions arising between the plaintiff and defendant upon a disputed claim by them respectively to the office of commissioner of excise of the city of Hudson.

The case as submitted discloses that on the 4th of April, 1892, Levi F. Longley, mayor of the city of Hudson, appointed Dennis H. Kennedy, David Ryan and George Van de Bogart, respectively

as commissioners of excise, by an appointment in the words and figures following :

"MAYOR'S OFFICE, HUDSON, N. Y.

"By virtue of the power and authority in me vested, and pursuant to the statute in such case made and provided, I, Levi F. Longley, Mayor of the City of Hudson, do hereby, on this first Monday of April, 1892, appoint Dennis H. Kennedy, George Van de Bogart and David R. Ryan, Commissioners of Excise in and for the city of Hudson, for three years, commencing on the 1st day of May, 1892.

"Dated *April 4th,* 1892.

                              "L. F. LONGLEY, *Mayor.*
"To JAMES McSHANE, *City Clerk.*"

At the time of said appointment, Dennis H. Kennedy was supervisor of the first ward of the city of Hudson, and he and David Ryan were holding the office of commissioners of excise, which they held under an appointment by the mayor of Hudson, made April 1, 1889, and Peter Lahr was also at that time commissioner of excise, and the term of each of said commissioners by their appointment would expire on the 1st day of May, 1892; each of the plaintiffs and persons so appointed by the order of April 4, 1892, qualified, filed their bond, and took the oath of office, and entered upon the discharge of their duties as commissioners of excise of Hudson, and were exercising the duties of said office on the thirtieth of April, at the time of the passage of chapter 401 of the Laws of 1892.

That act, which took effect immediately, changed in many important particulars the time or manner of appointment and the tenure of office of excise commissioners.

On the 23d day of July, 1892, Levi F. Longley, mayor of the city of Hudson, made and filed an order or appointment of the plaintiffs as commissioners of excise, in the words and figures following :

                    "MAYOR'S OFFICE, HUDSON, N. Y

"By virtue of the power and authority in me vested, and pursuant to the statute in such case made and provided, I, Levi F. Longley, Mayor of the City of Hudson, do hereby appoint Dennis H.

Kennedy, George Van de Bogart and David R. Ryan, Commissioners of Excise in and for the city of Hudson, for the unexpired term of three years, commencing on the 1st day of May, 1892.

" Dated *July* 23*d*, 1892.

" L. F. LONGLEY, *Mayor.*"

On the same day of the date of the appointment, the plaintiffs respectively took the oath of office, filed their bond, which was approved by the mayor, and entered upon or continued in the discharge of their duties as commissioners of excise of the city of Hudson, and were so exercising their duties as commissioners of excise on the 1st day of January, 1893.

On the 31st day of December, 1892, the term of office of Levi F. Longley, as mayor of the city of Hudson, expired, and on the 1st day of January, 1893, George G. Miller became mayor of the city of Hudson, and on the 2d day of January, 1893, he made and filed an appointment of the defendants, of which the following is a copy :

" MAYOR's OFFICE, HUDSON, N. Y.

" By virtue of the power and authority in me vested, and pursuant to the statute in such case made and provided, I, George G. Miller, Mayor of the City of Hudson, do hereby appoint Peter Lahr, Edward H. Carpenter and James Maloney, Jr., Commissioners of Excise in and for the city of Hudson, for a term expiring December 31st, 1894.

" Dated *January* 2, 1893.

" GEORGE G. MILLER, *Mayor.*"

On the same day the defendants severally took the oath of office, and severally gave and filed their bonds, approved by the mayor, conditioned for the faithful performance of their duties as commissioners of excise ; the said defendants thereupon claiming to be legally appointed excise commissioners of the city of Hudson, and severally entitled to said office, entered upon the duties, and have ever since been claiming, and still are, to be commissioners of excise of said city, as are also the plaintiffs, under the appointment of Mayor Longley, dated April 4, 1892, and July 23, 1892.

The case discloses that each of the alleged boards of commissioners of excise, on or about the 25th day of April, 1893, published a notice

required by law, for their meeting on the fourth of May, for the purpose of granting licenses to such as might apply for licenses to sell liquor for the year 1893, and that pursuant to said notice, the plaintiffs and defendants, each severally claiming to be the legally appointed commissioners of excise for the city of Hudson, met for the purpose of acting as boards of commissioners of excise respectively, whereupon, and to settle said disputed claim, the Attorney-General, on behalf of the State, and the respective parties to this controversy, make and file their submission under chapter 1279 of the Code above referred to.

Prior to, and at the time of the enactment of chapter 401 of the Laws of 1892, the commissioners of excise of the city of Hudson were appointed under and their tenure of office was fixed by the provisions of chapter 145 of the Laws of 1879. Section 2 of that act provides that the " commissioners of excise in cities shall hold · their office for three years, and until others shall be appointed in their places, and shall receive a salary not to exceed $2,500 each year, to be fixed by the common council of said city, and shall be paid as other city officials are paid."

Chapter 145 of the Laws of 1879 was repealed by chapter 401 of the Laws of 1892, but section 2 of the last-mentioned act provides as follows : " The term of office of every commissioner of excise now in office shall be the term for which he was elected or appointed, and the term of office of every commissioner of excise appointed prior to the expiration of the term of the mayor now in office, shall be for the term as now provided by law."

The plaintiffs or relators in this action, as we have seen, were appointed on the first Monday of April, 1892, with a tenure of office to commence on the 1st day of May, 1892, and continue for the term of three years, under the provision of chapter 145 of the Laws of 1879. They were, therefore, commissioners of excise appointed prior to the expiration of the term of the mayor then in office, and under the provisions of section 2 of chapter 401, their tenure shall be for a term as now provided by law.

If that construction of the act of 1892 is correct, then the officers appointed by the mayor on the 1st of April, 1892, would hold their offices under the law then in force for three years, from the 1st of May, 1892, and section 2 of chapter 401 of the Laws of 1892 would

continue them in office during the period for which they were appointed.

In that view of the case no vacancy existed, either at the time of the appointment July twenty-third, by Mayor Longley, or at the time of the appointment January 2, 1893, by Mayor Miller, and neither of these appointments could divest the relators of an office with which they had been legally invested by a valid appointment, made on the first Monday of April, 1892.

We find nothing in the act of 1892 which in express terms authorized Mayor Longley to make the appointment of July twenty-third, and if the relators were required to stand upon that appointment alone, there would be great doubt as to its validity, and the title to office derived under that appointment would at least be doubtful; but, as we have seen, the relators were appointed on the first of April, under a valid law then in force, and the act of the mayor in making that appointment was a valid act, and although the appointment was made to take effect on the first of the succeeding May, they were appointed under the provisions of law in force at the time of the order making the appointment, and are, therefore, exempt from that provision of section 5 of chapter 401 which provides that the term of office of excise commissioners appointed by the mayor of a city shall expire with the expiration of the term of office of the mayor, and the relators at the time of such appointment were invested with title to the office under the qualification of section 2 of chapter 401, " as now provided by law." (*Goillotel* v. *The Mayor, Aldermen and Commonalty of the City of New York*, 87 N. Y. 441.)

But as the appointment made April 4, 1892, was a valid appointment under the law as it then existed, such appointment, it seems to us, would be upheld by section 45 of chapter 401 of the Laws of 1892, which contains a saving clause as to the effect of the repeal by that act, and provides : " Such repeal shall not revive a law repealed by any law hereby repealed, but shall include all laws amendatory of the laws hereby repealed ; but the repeal of a law, or any part of it, specified in such schedule, shall not affect or impair any act done, or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time this act takes effect under or by virtue of any law so repealed; but the same may be

asserted, enforced, prosecuted or inflicted as fully and to the same extent as if such law had not been repealed."

This saving clause leaves unaffected the appointment made by Mayor Longley on April 4, 1892, and reserves in the relators all the rights, powers and privileges conferred on them by that appointment. (*Angel* v. *Town of Hume*, 17 Hun, 374; *Calhoun* v. *The Delhi & Middletown R. R. Co.*, 28 id. 379; *Savings Bank* v. *The Town of Seneca Falls*, 86 N. Y. 317; *McCahill* v. *Hamilton*, 20 Hun, 388.)

If we are right in our construction of these various statutes, the relators hold their position by a valid tenure under the appointment of April 4, 1892, and their rights to the office in controversy have not been impaired, either by the appointment made by Mayor Longley on the twenty-third of July, and their acceptance under that appointment, nor by the appointment of the defendants made by Mayor Miller on the 2d of January, 1893, on his accession to the office of mayor as the successor of Longley.

No such act of either of the mayors could operate as a removal of the relators from office, nor create a vacancy which said mayors, or either of them, would be authorized to fill; nor would the qualification of the relators under the appointment made by Longley on July twenty-third operate as a resignation by the relators of that office which they at that time held, so as to produce a vacancy in such office.

We are, therefore, clearly of the opinion that the relators are entitled to retain their position as commissioners of excise until the expiration of their three years' term from the 1st of May, 1892.

The only remaining question is whether the relator Kennedy was eligible to the office of commissioner of excise, he being at the time of his appointment a supervisor of the first ward of the city of Hudson.

Section 3 of chapter 401 of the Laws of 1892 provides: " No person shall be eligible to the office of commissioner of excise who is a supervisor, justice of the peace, or town clerk of a town, or a president or trustee of an incorporated village, or engaged or interested in the sale or manufacture of strong or spirituous liquors, wine, ale or beer, or who is not a citizen of this State and a resident of the town or city for which he is elected or appointed."

This section especially enumerates the disabilities which shall render an incumbent ineligible to the office of commissioner of excise. If the relator Kennedy comes within any of these enumerated disabilities, then he would be, and is, ineligible to the office which he claims; but it will be observed by a careful reading of this section that the Legislature has not in express terms extended the disability to the supervisors of a ward in a city, and while all the reasons which would disqualify the supervisor of a town to act in that capacity, might be applicable to a supervisor of a ward, yet, in the absence of express statutory disability, a person otherwise eligible cannot be adjudged by the court disqualified, where the Legislature has failed to establish such disability. We must, therefore, hold that the relator Kennedy is not, by the terms of this act, disqualified from holding the position of commissioner of excise for the city of Hudson.

In *The People ex rel. Furman* v. *Clute* (50 N. Y. 451), the defendant was adjudged to be ineligible to the office of superintendent of the poor of the county of Schenectady, on the ground that he was supervisor of a ward in the city of Schenectady, where the language of the act was substantially identical with the language used in section 3 of chapter 401 of the Laws of 1892, but there was a marked difference between that case and this, as in that case the charter of the city of Schenectady, under which Clute held the office of supervisor, subjected the supervisor of a ward to the same disabilities as a supervisor of a town (Laws of 1862, chap. 385), and, therefore, by reason of the disability under the charter, the court held him ineligible to the office of superintendent of the poor.

We are, therefore, led to the conclusion that Kennedy was not, under the statute, ineligible to the office of commissioner of excise, and that the relators are, therefore, entitled to judgment affirming their title to the office of commissioners of excise of the city of Hudson against the defendants, with costs of this action.

Let judgment be entered accordingly.

PUTNAM and HERRICK, JJ., concurred.

Judgment for relators affirming their title to the office of commissioners of excise of Hudson, with costs.