San-Antonio & Aransas Pass Railway Co. v. Joseph Keller.

No. 703.

**1. Fellow Servants Act of 1891—Effect of Repeal.**

The repeal of the Fellow Servants Act of 1891 by the Act of 1893 on the same subject, does not affect a right to damages that accrued under the former act, since the latter act is a substantial re-enactment of the provisions of the former statute, with an amplification of its scope.

**2. Measure of Damages for Personal Injuries—Correct Charge of Court.**

In an action for damages against a railway company by an employe for personal injuries received, the following charge was given by the court: "In measuring the damages, if any, which plaintiff has sustained, you may take into consideration the reasonable value of the time lost, if any, consequent upon his injuries, the necessary sums of money, if any, expended by him for medical attendance and medicines, if any, rendered necessary by his injuries, the physical and mental pain, if any, consequent.upon his injuries received, and if you believe from the testimony plaintiff's injuries, if any, are permanent, and will disable him to labor and earn money in the future, you may, in addition to the above, find such sum as will be a

fair compensation for his future diminished capacity to labor and earn money."
Held, a fair and correct presentation of the law as to the measure of damages.

**3. Fellow Servants—Car Repairer and Hostler.**

A car repairer who works in a separate yard from the hostler, is not a fellow-servant of the latter, nor of a switchman working in a different department, and especially while such car repairer is on a car under orders to go to another place to repair damages caused by a wreck.

**4. Charge of Court—Assuming Facts.**

For a charge of court in an action by a railroad employe for personal injuries received, held not to assume any of the facts referred to in the charge, see the opinion.

APPEAL from Bexar. Tried below before Hon. S. G. NEWTON.

*Franklin & Cobbs*, for appellant.

*John A. Green, Sr.*, for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee instituted this suit to recover damages arising from injuries received in a collision of the cars of appellant. The case was submitted to a jury, and resulted in a verdict for appellee for $5000, and judgment accordingly.

We conclude, from the statement of facts, that in December, 1892, appellee, who was a healthy man in full possession of the faculties of his body, and was an employe of appellant, receiving from $1.50 to $1.75 per day, was injured by reason of a collision of the cars of appellant. The collision occurred on account of the failure of appellant to properly light its yards, and by the negligence of its employes who were not the fellow servants of appellee. The injuries received by appellee were permanent, and have totally incapacitated him for labor. He has suffered great bodily pain since the injuries were inflicted. He was forty-five years old when injured, and had a life expectancy of twenty-four years.

The petition states a cause of action, and was not open to the general demurrer nor the special exception urged by appellant. The allegations in the petition do not indicate that appellee was injured by the negligence of a fellow servant.

The right to recover damages accrued under the act of 1891, and the repeal of that law by the act of 1893 did not deprive appellee of any right he had already acquired. Not only had the right accrued, but the suit was filed before the enactment of the law of 1893. The latter act was simply an amplification of the scope of the law, and there was evidently no intention on the part of the legislature to interfere with rights acquired under the provisions of the amended statute. Handel v. Elliot, 60 Texas, 145.

The only material difference between the act of 1891 and of 1893 was the extension of the scope of the law so as to include within its purview railway corporations operated by a receiver, manager or any other person. There was at the same time of the repeal of the former act, a re-enactment of the provisions upon which the right·of action of appellee are founded. It is a familiar rule of construction, that when

statutes are repealed by acts which substantially retain the provisions of the old laws, the latter are held not to have been destroyed or interrupted in their binding force. Hebrew Association v. Benshimal, 130 Mass., 325; Bank v. Seneca Falls, 86 N. Y., 317; Sutherland, Stat. Con., secs. 133-134; McMullen v. Guest, 6 Texas, 275.

The following charge was given by the court:

"Should you find for the plaintiff under the foregoing instructions, then, in measuring the damages, if any, he has sustained, you may take into consideration the reasonable value of the time lost, if any, consequent upon his injuries, the necessary sums of money, if any, expended by him for medical attendance and medicines, if any, rendered necessary by his injuries, the physical and mental pain, if any, consequent upon his injuries received, and if you believe from the testimony plaintiff's injuries, if any, are permanent, and will disable him to labor and earn money in the future, you may, in addition to the above, find such sum as will be a fair compensation for his future diminished capacity to labor and earn money."

The charge gives the correct measure of damages, and the jury is clearly instructed that they should find for the time lost which would necessarily be in the past, and "for compensation for future diminished capacity to labor and earn money." It was shown what wages appellee was earning when injured, and it was only a matter of computation, with the lost time given, to ascertain the value of it. The charge complained of being a fair presentation of the law as to the measure of damages, it was not error to refuse the special requested charge.

Appellee was not a fellow servant of either Kinchelow or the switchman. They were not "working together at the same time and place to a common purpose." While engaged in their ordinary every day labor, they were not fellow servants. Kinchelow, who was in charge of the engine when the collision took place, was the "hostler" whose duty it was to receive incoming locomotives and carry them to the round house, and take outgoing locomotives from the round house and deliver them to the engineers. Appellee was a car repairer, working in a separate yard. The switchman was also in another department of the service, and had no labor in common with appellee. At the time the collision occurred and the injuries were inflicted, appellee was on a car under orders to proceed to Beeville to assist in repairing damages caused by a wreck, and the mere statement of this fact demonstrates that he was not working at that time and place to a common purpose with either the "hostler" or switchman. Railway v. Leonard, 29 S. W. Rep., 955; Railway v. Norris, Id., 954.

The following charges are complained of as assuming the existence of certain facts:

"First. The plaintiff, Joseph Keller, brings this suit against the defendant to recover damages for injuries alleged to have been received by the negligence of the defendant in the operation of a car on which

he was riding, by reason of which said car collided with another car, and plaintiff was thrown to the ground and permanently injured."

"Third.   If you believe from the testimony that the plaintiff was an employe of the defendant company, and had been ordered by said company from the city of San Antonio to the town of Beeville, and was being conveyed on the railroad at the time of the accident as such employe, and that during the passage plaintiff was injured by reason of the car in which he was riding coming in contact with other cars on the track over which he was being carried, and you further believe from the testimony that the collision in which plaintiff was injured occurred by reason of the negligence of the defendant or its agents and employes operating said engine and car at the time of the injury in failing to use ordinary and reasonable diligence to discover other cars on the track over which the car in which plaintiff was riding at the time of the accident was being transported, or having so discovered the same, was guilty of negligence in failing to use ordinary or reasonable diligence to avoid colliding therewith, then you will find for the plaintiff.

"Fourth.   If, however, you find from the testimony that the said Joseph Keller was not injured as alleged in his position, or if injured as alleged, that defendant or its agents and employes used ordinary and reasonable diligence to discover other cars on the track over which the engine and car in which plaintiff was being transported at the time of the accident was being operated, or having discovered the same, that defendant or its agents and employes used ordinary and reasonable diligence to avoid colliding therewith, or if you believe from the testimony that the car on which plaintiff was riding at the time of the accident was being operated in a reasonable, careful and prudent manner at the said time, you will find for the defendant."

An inspection of the charges indicates that they are not open to the criticism of assuming the existence of any fact.

We have noticed all the assignments of error, and arrive at the conclusion that the judgment should be affirmed.

*Affirmed.*

Delivered November 6, 1895.