### MISSOURI, KANSAS & TEXAS RAILWAY COMPANY v. GEORGE E. WHITLOCK.

Delivered April 3, 1897.

**Fellow-Servants—Who Are.**

An engineer in charge of a road engine, in a railroad yard temporarily for the purpose of taking out a train, is not, under Revised Statutes 1895, article 4560g, a fellow-servant of the foreman and members of the yard crew.

APPEAL from Grayson. Tried below before Hon. DON A. BLISS.

*Head, Dillard & Muse,* for appellant.—The members of a yard crew, whose duty it is to make up and look after trains in the yard, are fellow-servants with the members of the road crew, whose duty it is to take the train out when made up. Railway v. Warner, 35 S. W. Rep., 364; Railway v. Frazier, 36 S. W. Rep., 432; Railway v. Tatman, 31 S. W. Rep., 332; Railway v. Whittaker, 33 S. W. Rep., 716; Railway v. Hambley, 154 U. S., 349.

*G. G. Randell* and *Wolfe & Hare,* for appellee.—A person in the employ of a railway corporation who has the authority to superintend, control, command, and direct any other employe in the performance of

the duties of such employes, is a vice-principal of such corporation, and is not a fellow-servant of such employe. Railway v. Harding, 33 S. W. Rep., 373; Railway v. Warner, 35 S. W. Rep., 364; Railway v. Keller, 32 S. W. Rep., 847.

LIGHTFOOT, Chief Justice.—Appellant's statement of the case is adopted, as follows:

"Appellant has railroad yards about two miles from Denison, known as the Ray yards. These yards consist of twenty-one parallel tracks, running east and west, and they are upon a grade which slopes from the west to the east. In making up trains the grade is sufficient to necessitate the setting of brakes upon a number of the cars, in order to keep them from running away. In making up these trains, yard engines and crews are used. It is the duty of these crews when setting the cars on these tracks to see that the requisite number of brakes are set, and it is also the duty of employes who take away a part of the cars to see that the requisite number of brakes are set on those that are left. When a train is made up and left on one track in the yard, what is known as a road engine and crew comes into the yards and hitches to it upon the track where it was left by the yard crew, and carries it out upon the road. While working in these yards all engines and crews, including road engines, are under control of the yard master. On October 27, 1895, about 4.30 o'clock in the morning, while it was yet dark, plaintiff, while engaged as an engineer upon a road engine, entered the Ray yards to get his train, and was injured by some of the cars running off of one of the yard tracks against the engine upon which he was at work. To recover damages for the injuries thus sustained this suit was instituted; and on April 29, 1896, a trial before a jury resulted in a verdict and judgment in favor of appellee for the sum of $9200, from which this appeal is prosecuted."

From the facts proved and the verdict and judgment thereon, this court concludes that appellee was an engineer on appellant's road, and was injured in the Ray yards while in the discharge of his duties, without fault on his part, and by the negligence of appellant as alleged in plaintiff's petition, and that such injury was not caused by the negligence of a fellow-servant, within the meaning of the statutes of the State of Texas. A majority of this court further concludes that appellee was damaged by such injury to the full amount found by the verdict and judgment below.

1. In the first and second assignments of error appellant insists that the court erred in refusing to instruct the jury upon the doctrine of fellow-servant. The court gave no charge upon the subject, and refused the following special instructions asked by appellant:

(1) "The master or employer is not liable to one of his employes for an injury caused by the negligence of another of his employes who occupies the relation of fellow-servant to the one so injured."

(2) "If you believe from the evidence that plaintiff was engineer upon one of defendant's locomotives, and in the discharge of his duties was required to operate his engine in the yards at Ray, and that said yards consist of a number of adjacent tracks, and that other employes of defendant in charge of another of its engines, whose duties required them to operate it in the same yards and to handle cars therein, negligently left some cars on the track next the one plaintiff was on, without having the brakes properly set, by reason of which plaintiff was injured, you will find for defendant, because under such circumstances the plaintiff and the one who caused his injuries would be fellow-servants."

, The principle of law announced in the first special instruction above is correct, but the difficulty is in its application to the facts of this case. The rule laid down in the second is not believed to be sound, when applied to the undisputed facts. If the testimony proved, or tended to prove, that appellee was injured by a fellow-servant, then it was the duty of the court to charge the jury upon that question, and the requested instruction was sufficient to call the court's attention to it.

The testimony upon this subject was, in effect, that appellee was an engineer upon appellant's road and had been ordered to take his engine from Denison out to the Ray yards (about two miles), where he would take a train, made up by the yard crew, to Fort Worth, and that, in obedience to such instructions, he carried his engine out to the Ray yards, where there were a number of adjacent tracks. The rule of the company in such yards is as follows: "At stations where a yard force is employed, trains, or engines without trains, will be under the control of the yardmaster, and road crews of trains entering such stations will be responsible for their respective trains or engines until the same is taken charge of by the yardmaster or his representative."

The Ray yards are on a grade, so that cars when placed thereon must be held by brakes properly fixed. After appellee entered the yards, and while in charge of his own engine, some cars which had been placed on track number 10 by the foreman of one of the yard crews, and negligently left without the brakes being properly set so as to hold them, rolled down the grade and against appellee's engine, thereby injuring him. Appellee was in charge of a road engine, and was only in the yard temporarily for the purpose of taking out a train, and the foreman and the members of the yard crew working there were not his fellow-servants. Rev. Stats., art. 4560g; Railway v. Harding, 33 S. W. Rep., 373; Railway v. Warner, 35 S. W. Rep., 364; Railway v. Keller, 32 S. W. Rep., 847.

2. The third assignment of error complains of the verdict as excessive. There is sufficient evidence in the record to sustain the amount of the verdict and judgment, and it is the opinion of a majority of the court that it is reasonable and just, and should not be disturbed. In assessing damages great deference is to be paid to the verdict of the jury and the judgment of the trial court, where an opportunity is offered to weigh the evidence, to judge of the credibility of the witnesses, and arrive at a result which is fair and just to all parties. As a rule, an appellate court

should not interfere with the judgment fixing the amount of damages, where it is supported by the evidence, and there is no indication of passion or prejudice. But while this is true, it is the individual opinion of the writer that the judgment in this case (as is usual with this class of cases) is excessive, and that the Legislature intended that the Courts of Civil Appeals should carefully scrutinize such judgments and apply the pruning knife without hesitation or reserve wherever the amount of damages is unreasonable or unjust, even though there may be testimony in the record upon which it could be said to find a basis. Revised Statutes, art. 1029a.

In deference to the opinion of a majority of the court, the judgment is affirmed.

*Affirmed.*

Writ of error refused.