THE STATE, Appellant, *vs.* JOINER, Respondent.

1. It will not vitiate an indictment for petit larceny, to charge that the larceny was *feloniously* committed.
2. Under section 22 of article 3 of the act concerning practice and proceedings in criminal cases, an indictment for petit larceny is properly quashed, unless the name of a prosecutor is endorsed upon it, or a statement which brings it within the exceptions to the requirement that the name of the prosecutor be thus endorsed.

*Appeal from Wayne Circuit Court.*

RYLAND, Judge, delivered the opinion of the court.

Gibson Joiner was indicted by the grand jury, at the September term, 1852, of the Circuit Court for Wayne county, for petit larceny, charged with stealing one wool hat of the value of two dollars. At the March term, the defendant appeared and moved the court to quash the indictment, because there is no prosecutor endorsed on the same, and because the stealing is charged to have been done feloniously. The court quashed the indictment; the attorney for the State excepted, and brings the case here by appeal.

1. The indictment, upon its face, is formal; the charging that the larceny was committed feloniously, will not vitiate it, although petit larceny is no felony by our statute. It is the punishment with us that makes the felony, and not the offence itself. All offences punishable by death or by confinement in

the state penitentiary are felonies. Those punishable by fine or by imprisonment in the county jail, or by both fine and imprisonment in the county jail, are misdemeanors only. Petit larceny is a misdemeanor only, but it cannot vitiate the indictment to charge that the defendant feloniously did steal, take and carry away an article of personal property, the subject only of petit larceny. The use of the word "feloniously," therefore, in this indictment, did not vitiate it, nor did it afford any sufficient reason to quash the indictment.

2. But, nevertheless, the court did right to sustain the motion to quash this indictment. By our statute regulating the practice and proceedings in criminal cases, article 3, section 22, "no indictment for any trespass against the person or property of another, not amounting to felony, or for the first offence of petit larceny shall be preferred, unless the name of a prosecutor is endorsed as such thereon, except where the same is preferred upon the information or knowledge of two or more of the grand jury, or on the information of some public officer, in the necessary discharge of his duty; in which case a statement of the fact shall be made at the end of the indictment, and signed by the foreman of the grand jury." R. C. 1845, p. 866.

On this indictment, there is no name of a prosecutor, nor is there any statement endorsed thereon that the indictment was preferred on the information of two or more of the grand jury, or on the information of some public officer in the necessary discharge of his duty. The indictment, therefore, was properly quashed, and the judgment of the Circuit Court is affirmed, Judge Scott concurring.