ROBERT H. MOORE, Respondent, v. GEORGE MAUSERT and MICHAEL MAUSERT, Appellants.

(GENERAL TERM, THIRD DEPARTMENT, FEBRUARY, 1871)

The amendment of 1869 (Sess. Laws, vol. 2, 1355) to the mechanics' lien law (Laws 1854, 1087, sec. 4), requiring notice of the lien to be filed with the county clerk, applied to claims for materials furnished before its passage.

An amendment to a section of an act, which declares that the section is amended "so as to read as follows," copying the original section with slight changes, does not repeal, but leaves the former section in operation from the time of its passage, and the amendments or modifications take effect from the time of their enactment.

THIS was a proceeding by the plaintiff under the mechanics' lien law, commenced by serving complaint and notice in June, 1869. The cause was referred and tried before a referee.

It appeared that in the month of January, 1869, the defendants made a contract with John Appley, carpenter, to do all the carpenter work, and furnish the materials for the erection of two dwelling-houses on the Whitehall road in the town of Bethlehem, near the city of Albany, in the county of Albany, at and for the sum of $2,800, or $1,400 to be paid for each dwelling-house; that the defendants were the joint-owners of the real property whereon the said dwelling-houses were erected.

It also appeared that soon after the making of the contract by and between Appley and the defendants, Appley proceeded to do the work and to furnish the materials for the dwelling-houses; that the materials were all purchased by Appley from the plaintiff, and were all furnished by the plaintiff; that the plaintiff began to furnish the materials on the 18th day of February, 1869, and continued to do so from time to time until, and including, the 28th day of April, 1869, when the last lot was provided.

It also appeared that when the last materials were furnished,

and on the 3d day of May, 1869, there were $1,400 due from the defendants to Appley on his contract with them; and that on the 15th day of May, 1869, when the notice of lien was served by the plaintiff, there were $600 due from the defendants to Appley, and that that amount remained due when the referee made his report.

It further appeared that on the 15th day of May, 1869, the plaintiff duly served upon the town clerk of the town of Bethlehem, wherein the real property and buildings were situated, a notice of lien in writing.

The notice was duly filed by the town clerk on the day of service, and duly entered in the lien docket kept by him.

The referee found that the plaintiff was entitled to judgment for $600. Judgment was entered in favor of the plaintiff and the defendants appealed to this court.

*N. C. Moak* for appellants.

*Andrew J. Colvin* for respondent.

Present—MILLER, P. J.; POTTER and PARKER, JJ.

By the Court, MILLER, P. J. This case involves the construction to be placed upon the first section of chapter 558 of the Laws of 1869, page 1355, amending the act in regard to mechanics' liens for labor, materials, &c., in erecting buildings. (S. L. of 1854, chap. 402, § 1, p. 1086.) The amendment declares that the first section of the act of 1854 is amended "so as to read as follows," copying the original section with some slight changes, among which, and the material one in this case, is a provision which declares that the lien shall be created by filing notice of the claim in the office of the county clerk, instead of the town clerk, as was provided by the act of 1854.

The act of 1869 was passed on the fourth day of May, and the notice was filed on the fifteenth day of the same month, in the office of the town clerk of the town where the build-

ing was situated, in accordance with the provisions of the act of 1854. This was after the amendment of 1869 took effect, and the question to be determined is, whether the amendment applies to persons who perform labor or furnish materials prior to the fourth of May, when the law went into operation, or to those only who should "hereafter" perform labor or furnish materials.

The counsel for the respective parties in this case rely upon the case of *Ely* v. *Holton* (15 N. Y., 595), as decisive of the question under consideration. The point involved in the case cited was as to the effect of an amendment to section 11 of the Code of Procedure in regard to appeals in certain cases. It was contended by the counsel for the appellants, that the amended section should be considered as though it had been originally enacted several years ago, in the same language which it contained at the time of the argument, and the learned judge holds that this is not the true construction. After stating the reason why amendments of the Code and the Revised Statutes are made by declaring that particular sections shall be amended so as to read in a given way, he says: "The portion of the amended sections which are merely copied without change, are not to be considered as repealed and again re-enacted, but to have been the law all along; and the new parts, or the changed portions, are not to be taken to have been the law at any time prior to the passage of the amended act." According to this rule the law of 1854 remained in force, except that portion which provided that the notice should be filed with the town clerk and this was changed by the act of 1869 at the time of its going into effect, and after that time it became the law. The judge also expresses an opinion that the words "hereafter made," in the original and amended section, do not limit the effect of the amendment to cases which arose after it took effect, and further says:

"The theory of amendments made in the form adopted in the present instance we take to be this: The portions of the section which are repeated are to be considered as having

been the law from the time they were first enacted, and the
new provisions are to be understood as enacted at the time
the amended act took effect.   In short, we attribute no effect
to the plan of dove-tailing the amendment into the original
section, except the one above suggested, of preserving a har-
monious text, so that when future editions shall be published
the scattered members shall easily adjust themselves to each
other.   In other words, we consider the amendment as only
equivalent to an independent statute, declaring in general
that an appeal *hereafter may be taken* from an order granting
a new trial on complying with the conditions mentioned."

The fair import of this language is, as I understand, that
while the old portions remain in force as of the time of the
original enactment, the amendment as an independent statute
takes effect as of the time provided by law.   The word "here-
after," as employed in the amended act, relates back, and
must be considered as including a claim made by a person for
labor performed or materials furnished after the act of 1854
took effect, and the place of filing the notice after the amend-
ment of 1869 must be in the county clerk's office instead of
the town's clerk's office.   The amendment simply directs a
different place for filing the notice, without in any way inter-
fering with any claim accruing after the act of 1854, and was
not intended to make this provision applicable only to cases
where claims accrued after it became a law.   Notice of all
claims which arose prior to this amendment, as well as those
arising afterward, stand upon the same footing, and the law is
only changed as to the place of filing the notice.

Although my impression upon the argument of this case
was quite strong that the plaintiff's counsel were right in the
position that the first section of the act of 1854, since the
amendment of 1869, read the same as before, except as to
work performed and materials furnished after that date, and
as to these notice should be filed in the county clerk's office,
yet after a careful examination I am satisfied that the case
cited is decisive of the question the other way, and that the
plaintiff's action cannot be maintained.   I have come to this

conclusion with considerable reluctance, as the point is purely technical; but statutes of this character must be strictly construed, and as such is the law the plaintiff's action must fall to the ground. The judgment must be reversed and a new trial granted, with costs to abide the event.

Judgment reversed.