rior court. The report of the case does not show whether the motion for a new trial was founded on exceptions—errors of the court —as well as on the errors of the jury. On the motion made in the case at bar there were no errors of the jury to review, because it had committed none. The jury had simply returned a verdict in obedience to the direction of the court, and the motion for a new trial could have been made only upon the errors of the court, raised by exceptions. When a motion for a new trial on exceptions has been made on the minutes and denied, an order directing the exceptions to be heard in the first instance at general term is void, and the motion should not be heard. We must decline to decide the motion on this record, but, as the plaintiff has not moved to set aside the order, no costs are granted to either party. All concur.

---

(10 Misc. Rep. 424.)

### In re WARD.

(Supreme Court, Special Term, Albany County. October 30, 1894.)

STATUTES—REPEAL BY IMPLICATION—AMENDATORY ACTS.

Laws 1893, c. 661, approved May 9, 1893, providing for the licensing of pharmacists, and expressly repealing Laws 1884, c. 361, relating to the same subject, repeals by implication Laws 1893, c. 250, approved March 31, 1893, amending one section of the act of 1884.

Application by Charles W. Ward for an order directing the state board of pharmacy to issue to him a license to practice as a pharmacist. Denied.

John P. Judge, for petitioner.
Marcus T. Hun, for State Board of Pharmacy.

HERRICK, J. Under section 184 of chapter 661 of the Laws of 1893 there are two classes of persons who are entitled to a license to practice pharmacy,—those who have had four years' experience in the practice of pharmacy, prior to January 1, 1893; and those who hold certificates of designation as pharmacists by examination from any board of pharmacy legally created under the laws of the state. It will be seen that the one class requires a term of years of practical experience, which it is presumed has fitted them for the practice of this very important profession, and which takes the place of and renders an examination of their qualifications unnecessary. Those not having had such experience are to demonstrate their fitness by submitting to an examination. The petitioner seeks to bring himself within the class of those who need not be examined in order to receive their licenses, by showing that for a long number of years he has had practical experience as a pharmacist, and seeks to avail himself of the provisions of chapter 361 of the Laws of 1884, as amended by chapter 250 of the Laws of 1893. Section 3 of chapter 361 of the Laws of 1884 provides that any person who, at the time of the passage of that act, was carrying on the business of retailing or dispensing drugs, medicines, etc., or practicing pharmacy on his own account, or who at the time of the passage of the act should have served five years or upwards at the business of retailing and dispens-

ing drugs and medicines, and who was over the age of 21 years, and who held a certificate of registration from a board of pharmacy legally created, should be granted a license to practice as a pharmacist. Section 4 provided that any person entitled to a license as a pharmacist, as provided for in section 3, who should not apply within 90 days after the organization of a board of pharmacy, as provided for in said act, and make a written application to such board of pharmacy, for such license, should be deemed to have waived his right to a license under the provisions of said act. The petitioner did not make an application within the time required by that act for a license, and he now seeks to be relieved from his default, under chapter 250 of the Laws of 1893, which is an act amending section 4 of chapter 361 of the Laws of 1884, and which provides, in substance, that where a person was entitled to a license under the provisions of said act of 1884, but who had failed within 90 days to apply to the board of pharmacy for a license, he might, upon giving not less than eight days' notice to the secretary of the board of pharmacy, apply to the supreme court for an order directing the board to issue said license, and granting the court power to grant such order upon proof of good and sufficient cause shown for the neglect to apply for such license in due time. I have some doubts whether the petition of the petitioner avers facts sufficient to bring him within the provisions of chapter 361 of the Laws of 1884, as amended by chapter 250 of the Laws of 1893; but assuming, for the purposes of this case, that his petition is sufficient, I do not think that the statute of which he seeks to avail himself is still in force. Under the provisions of chapter 250 of the Laws of 1893 a person entitled to a license under the act of 1884, but who had not applied within the time required by that act, was enabled to apply at any time to the supreme court, and upon good and sufficient cause shown for his omission or neglect to apply obtain an order directing a license to be issued to him. There was absolutely no limitation upon the time within which he might apply to the court. The application now here presented is made more than a year after the passage of the amendatory act. That act was passed March 31, 1893. May 9, 1893, chapter 661 of the Laws of 1893 was passed, and in it provision was made for a state board of pharmacy, and for the licensing of pharmacists. That act was evidently intended to take the place of all statutes theretofore passed in relation to those matters, and by it chapter 361 of the Laws of 1884 was expressly repealed (see schedule of laws repealed, page 1562, Laws 1893); and, the whole of said act being repealed, chapter 250 of the Laws of 1893, being an amendment to a single section thereof, fell with it. The petitioner, however, contends that both these acts, having been passed at the same session of the legislature, should be construed together, and full force and effect given to each, so far as they are not in conflict. Assuming that to be the proper construction, I do not see how the petitioner is benefited, because it seems to me that chapter 250 and section 184 of chapter 661 of the Laws of 1893 are in direct conflict upon the point in question. As we have seen, by chapter 250, any person who is entitled to a license under section 3 of chapter 361 of the Laws of 1884, which was passed on the 24th day of May, 1884,

who had neglected to apply for a license within the required time, might, upon application to the supreme court, procure an order directing the issue of such license, and that there was no limitation of time within which he must apply.   Section 184 of chapter 661 of the Laws of 1893 limits the time within which such application shall be made. It provides as follows:

"Any person who, on the 24th day of May, 1884, was entitled to be licensed as a pharmacist, but who failed within ninety days thereafter to apply to the state board for a license may, within ninety days after this chapter takes effect, on eight days' notice to the secretary of such board, apply to the supreme court, at a special term, in the district where such applicant resides, for an order directing such board to issue such license; and such court may grant such order on proof of good cause for the neglect to so apply."

It will be seen, then, that upon the question of time the two statutes are in direct conflict. Under the one first passed the applicant might apply at any time after the passage of the act; under the one last passed he was limited to a period of 90 days after the passage of the act.   They cannot stand together; there is no reconciliation between them; and, such being the case, the latter statute must be held to repeal the first.   Chapter 661 of the Laws of 1893 was passed, as I have before stated, on the 9th day of May, and section 210 thereof provided that it should take effect immediately.   The petitioner made his application more than a year after the passage of the act.

Further, it may be said that section 184 is a restriction upon the appointment of those who were eligible to appointment under the act of 1884. It will be observed by a reading of this section that there is no period prescribed within which a person must apply for a license who has had four years' experience in the practice of pharmacy previous to January 1, 1893.   They are permitted to apply at any time.   But as to those who are qualified to receive such license at the time of the passage of the act of 1884, they are required to apply within 90 days after the passage of chapter 661 of the Laws of 1893, and show good and sufficient cause why they neglected to apply under the act of 1884, and within the time provided by that act, and if they fail to make application within that time I can see no provision in the statute for their obtaining a license, except by passing an examination.   The petition of the petitioner must therefore be denied.