THE STATE v. CLAUDE O. BRESSIE, Appellant.

Division Two, June 5, 1924.

1. **STATUTORY CONSTRUCTION:** Increasing Offense to Felony: Repeal by Subsequent Amendment of Prior Statute: Wife Abandonment. Where an independent statute is enacted making the offense described in an existing section a felony and subsequently, whether at the same or a later session, another statute amending

State v. Bressie.

said original section is enacted, this later amended act supplants the independent statute, and becomes the law on the subject. So that the Act of April 7, 1921, Laws 1921, page 281, repealing Section 3274, Revised Statutes 1919, and enacting a new section in lieu thereof making it a misdemeanor to abandon a wife or infant child, repealed and supplanted the independent Act of March 24, 1921, Laws 1921, page 284, which declared said offense to be a felony, and left as the only law classifying the offense the said Act of April 7th, which was the later of the two acts enacted at the same session of the General Assembly.

2. **APPELLATE JURISDICTION: Misdemeanor: Charging Felony.** Where the only valid and existing law classified defendant's offense as a misdemeanor and his punishment was fixed at a fine and imprisonment in jail for six months, the Supreme Court, upon defendant's appeal, no constitutional question being involved, does not have appellate jurisdiction, notwithstanding the information charges that he did "feloniously" commit such offense. The prosecuting attorney cannot confer appellate jurisdiction on this court by the mere use of the word "feloniously" in charging an offense which in fact is a misdemeanor.

Headnote 1: Statutes, 36 Cyc. 1054, 1095.

.Appeal from Dent Circuit Court.—*Hon. W. E. Barton,* Judge.

Transferred to Springfield Court of Appeals.

*William P. Elmer* for appellant.

(1)· Section 3274 was amended by an act passed and approved March 24, 1921, making non-support and desertion of a wife felony. Then by another act passed and approved April 7, 1921—14 days later—Section 3274 was repealed and new sections enacted in lieu thereof. The effect was that Section 3274 as amended by the Act of March 24, 1921, stood repealed, and the Act of April 7, 1921, is in force. This leaves abandonment and non-support a misdemeanor. (a) Where an act is amended, and later an act is passed repealing the original section, the

amended act is repealed. State v. Ranson, 73 Mo. 88; Kamerick v. Castleman, 21 Mo. App. 590.  (2)  The act of March 24, 1921, is a felony.  Sec. 3712, R. S. 1919; State v. Woodson, 248 Mo. 705.  (3)  Instruction 1 for the State was erroneous in instructing for a felony under the Act of March 24, 1921, while the offense provided by law was only a misdemeanor.  It further was error in authorizing the jury to convict if defendant failed and neglected to "maintain *or* provide" instead of "maintain *and* provide" as required by the statute.  Laws 1921, p. 284; 16 C. J. 1025, sec. 2454.  The request of defendant for instruction covering the misdemeanor Act of April 7, 1921, should have been granted by the court.  At most defendant was guilty of violating this act and was entitled to have the jury instructed thereunder.

*Jesse W. Barrett,* Attorney-General, and *Robert W. Otto,* Assistant Attorney-General, for respondent.

(1)  Where an act is amended and later an act is passed repealing the original section the amended act is repealed.  State ex rel. v. Ranson, 73 Mo. 78, 88; Kamerick v. Castleman, 21 Mo. App. 590.  (2)  Where a defendant is found guilty of a misdemeanor and no constitutional question is raised the Supreme Court has no jurisdiction of the case on appeal but will transfer it to the Court of Appeals.  State v. Teague, 263 Mo. 336; State v. Adams, 256 S. W. 744.  (3)  The use of the word "feloniously" in the information may be treated as surplusage, and the information held to charge sufficiently a misdemeanor under Sec. 3274, Laws 1921, p. 281.  State v. Joiner, 19 Mo. 224; State v. Emerich, 13 Mo. App. 492; People v. Wenk, 127 N. Y. Supp. 702.  (4)  The court did not err in instructing on the amount of punishment which could be assessed against the defendant.  The fine assessed is more than the minimum fine that could be assessed under the instructions had they been given under the misdemeanor section, and more than the minimum fine under the felony section.  The fine assessed would have

been the same if the instructions had followed the misdemeanor section. This being true the defendant was not injured by the instructions as given. State v. Clanton, 250 S. W. 924. (5) Inasmuch as the defendant has been convicted of a misdemeanor we respectfully ask that this cause be transferred to the Springfield Court of Appeals.

DAVID E. BLAIR, P. J.—Defendant was convicted in the Circuit Court of Dent County and was sentenced to imprisonment in jail for six months and to pay a fine of $500 upon an information charging him with wife abandoment. The Attorney-General has filed a motion to transfer the case to the Springfield Court of Appeals. This is the first point for consideration.

The body of the information reads as follows:

"John M. Stephens, prosecuting attorney within and for the County of Dent, in the State of Missouri, upon his oath of office, information, and belief, informs the court that at and in Dent County, Missouri, on or about the 3rd day of February, 1923, one Claude O. Bressie, being then and there the lawful husband of one Mildred Bressie, who was then and there his lawful wife, did unlawfully, knowingly, wilfully, and feloniously without any good cause whatever, abandon and desert her, the said Mildred Bressie, and from the said 21st day of January, 1923, until the 1st day of July, 1923, and hence, hitherto, did lawfully, wilfully, and feloniously, without good cause, fail, neglect, and refuse to maintain and provide for her, the said Mildred Bressie; against the peace and dignity of the State."

It will be noted that the information charged that defendant *feloniously* abandoned his wife and *feloniously* failed, neglected and refused to maintain and provide for her. In 1921 the General Assembly enacted two bills affecting Section 3274. Neither one makes any reference to the other. Laws of 1921, page 284, approved March 24, 1921, amended said section by providing for imprisonment in the penitentiary for not more than three years, in addition to the provisions for imprisonment in jail and a

fine previously authorized. Two new sections were also added, one of which defined the application of Section 3274, and the other of which made it a felony for a mother to abandon her children under fifteen years of age.

Laws of 1921, page 281, approved April 7, 1921, repealed Section 3274, Revised Statutes 1919, outright, and enacted a new section in lieu thereof, to be known as Section 3274 and to read as follows:

"If any man shall, without good cause, abandon or desert his wife or shall fail, neglect or refuse to maintain and provide for such wife; or if any man or woman shall, without good cause, abandon or desert or shall, without good cause, fail, neglect or refuse to provide the necessary food, clothing or lodging for his or her child or children born in or out of wedlock, under the age of sixteen years, or if any other person having the legal care or custody of such minor child, shall without good cause, fail, refuse or neglect tò provide the necessary food, clothing or lodging for such child, or if any man shall leave the State of Missouri and shall take up his abode in some other state, and shall leave his wife, child or children, in the State of Missouri, and shall, without just cause or excuse, fail, neglect or refuse to provide said wife, child or children, with proper food, clothing or shelter, then such person shall be deemed to have abandoned said wife, child or children, within the State of Missouri, he or she shall, upon conviction, be punished by imprisonment in the county jail not more than one year, or by fine not exceeding one thousand dollars or by both such fine and imprisonment. No other evidence shall be required to prove that such man was married to such wife than would be necessary to prove such fact in a civil action."

It will be noted that the section quoted makes wife abandonment a misdemeanor by fixing the punishment at jail imprisonment not exceeding one year or at a maximum fine of $1000 or at both such fine and imprisonment. Laws of 1921, page 284, made the same act a felony. If the latter act is in force this court has jurisdiction of

the case. But if the act is only a misdemeanor, the case must be transferred to the Springfield Court of Appeals.

In 36 Cyc. 1095, under note 23, it is said: "Where an amendment merely enlarges and extends the provisions of the original act, such act retaining its identity, the repeal thereof carries with it the amendment. [Ellison v. Jackson Water Co., 12 Cal. 542; Blake v. Brackett, 47 Me. 28; Welstead v. Jennings, 104 N. Y. App. Div. 179, 93 N. Y. Supp. 339 (affirmed in 185 N. Y. 588, 78 N. E. 1114); In re Ward, 10 Misc. (N. Y.) 424, 31 N. Y. Supp. 49.]"

Such was the holding of the Kansas City Court of Appeals in Kamerick v. Castleman, 21 Mo. App. 587, l. c. 590, where PHILIPS, P. J., said: "I understand the rule of construction, in this respect, to be, that where a section of a statute is amended, and the amendment is in such terms that it takes the place of such section, the statute in which the original section stood, as to future acts, is to be regarded as if the amended section was incorporated therein. So much so is this the rule, that if, by an act, subsequent to the amendatory act, the section of the original statute be repealed, the amendment which stood in its stead is also thereby repealed. [Green v. State, 22 Tex. 588; McKibben v. Lester, 9 Ohio St. 627; Holbrook v. Nichol, 36 Ill. 162; State ex rel. v. Ranson, 73 Mo. 88.] And this is so although the amendment declares that the section is amended 'so as to read as follows.' It does not repeal, but leaves the former section in operation as amended, the amendment, of course, operating from the time of its passage. [Moore v. Mausert, 5 Lans. 173; Ely v. Hatton, 15 N. Y. 595.]"

The effect of the two enactments, therefore, is that Laws of 1921, page 281, being passed and approved after Laws of 1921, page 284, repealed not only the original Section 3274, Revised Statutes 1919, but also Laws of 1921, page 284. The fact that the two acts were passed at the same session of the General Assembly makes no difference. The effect of the act repealing the original section is the same as if the repealing act had occurred at

State v. Bressie.

a subsequent session of the General Assembly. On this point 36 Cyc. 1054, says: "It is competent for the Legislature, at the same session, to alter, modify, or repeal a law by a subsequent act at the same session."

It follows that the act found in Laws of 1921, page 284, being amendatory of Section 3274, whereby its provisions were merely enlarged or extended, was repealed by the act found in Laws of 1921, page 281, just as effectively as if such amendment had been specifically mentioned in the subsequent repealing act and the new section, 3274, enacted by Laws of 1921, at page 281, was in full force and effect on February 3, 1923, when defendant is alleged to have committed the act for which he was convicted, and that such act was then a misdemeanor. As defendant was found guilty of doing the acts denounced by Laws of 1921, page 281, he was found guilty of a misdemeanor.

The Attorney-General contends that the use of the word "feloniously" in the information may be treated as surplusage under authority of State v. Joiner, 19 Mo. 224 and State v. Emerich, 13 Mo. App. 492. But as the act committed was a misdemeanor and the punishment imposed was within the limits of the punishment imposable by Laws of 1921, page 281, as for a misdemeanor, we have no jurisdiction of the case and we will not embarrass the Court of Appeals in its further disposition of the case by discussing this contention. It is clear that the prosecuting attorney cannot confer jurisdiction of the case upon this court by the mere use in the information of the word "feloniously" when the offense alleged to have been committed is in fact a misdemeanor.

The case being one of misdemeanor and no constitutional question having been raised which invokes our appellate jurisdiction, the motion of the Attorney-General is sustained and the case is ordered transferred to the Springfield Court of Appeals. All concur.