**STATE of Missouri, Respondent,**

v.

**Luther WOOLSEY, Appellant.**

No. 47310.

Supreme Court of Missouri,
Division No. 1.

Oct. 12, 1959.

Ralph M. Crow, Rolla, for appellant.

John M. Dalton, Atty. Gen., Hugh P. Williamson, Asst. Atty. Gen., for respondent.

HYDE, Presiding Judge.

Defendant was found guilty of stealing property of the value of at least $50, and was sentenced to two years' imprisonment in the penitentiary. See Secs. 560.156, 560.161, RSMo and V.A.M.S. Defendant has appealed but filed no brief so we consider the assignments properly made in his motion for new trial. State v. Stehlin, Mo.Sup., 312 S.W.2d 838.

Defendant's motion for new trial raises only two points, namely, the sufficiency of the evidence to make a case for the jury; and error in summoning, as a juror, a woman whose husband was alleged to have been a deputy sheriff of the county at the time of the trial.

■ The State's evidence showed the facts hereinafter stated. Virgil Foster, who lived one mile west of Dixon, left home with his wife and child about 7:00 P.M., January 28, 1958, and returned about 10:30 or 11:00 P.M. The doors of their home were not locked. When they left home, Foster's General Electric television set, 1953 console, which the evidence showed was worth more than $50, was in the living room and when they returned it was gone. Foster identified, as his, the television set of the same make and model, found under the circumstances hereinafter stated, by a peculiar hole in the back which was shown to the jury.

State Highway Patrolman Knight saw defendant driving a station wagon about eleven o'clock on the night of January 28, 1958, with a television set in it and stopped him. Defendant said the set belonged to one of the two men who were with him but Knight brought them all to the Sheriff's office. The men said, at that time, that they got the set from a shed back of defendant's brother's house. They were released but followed by Knight and Deputy Sheriff Woodward to defendant's brother's house, where defendant's two companions unloaded the set "and put it in the shed where they said they had first gotten it," while defendant went into his brother's house. Later that night, Knight and Woodward talked to defendant's brother's wife and defendant's brother and were told by both that they knew of no television set stored in their shed, so defendant and the other men were arrested and the television set was taken to the Sheriff's office. Foster reported the loss of his set to the Sheriff's office the next morning and then went there and identified it. The television set was put in evidence before the jury to show them the hole by which Foster identified it.

Defendant testified that he was visiting at the Waynesville Hospital from about 7:00 P.M. until after 9:00 P.M. on January 28, 1958, and then visited other places until after 10:00 P.M. when he and his companions went to his brother's house and got the television set from his shed at the request of one of his companions who said he kept it there. Defendant said he had never seen the set until they went there that night and got it; and his companion had stated he brought the set from California.

■■ Our conclusion is that these facts and circumstances were substantial evidence that defendant was guilty of the crime charged and we so hold. See State v. Reagan, Mo., 328 S.W.2d 26, and cases therein cited. Foster's identification of the television set, found in defendant's possession about the time its loss was noticed by him, was positive and fully explained to the jury. The correctness and credibility of his testimony and his identification of the set were matters for the jury to determine as were defendant's explanations and denials. "In determining the sufficiency of the evidence to sustain a conviction, we consider as true the evidence favorable to the State and the favorable inferences reasonably to be drawn therefrom; and evidence to the contrary is rejected." State v. Thomas, Mo.Sup., 309 S.W.2d 607, 609, and cases cited.

■■ As to the assignment that a disqualified person was summoned as a juror, there is nothing before us but the statement made in the motion for a new trial. No such objection was made at the trial and there is nothing in the record to show that any evidence ever was presented to the trial court on this claim. Allegations in a motion for new trial do not prove themselves. State v. Stehlin, Mo.Sup., 312 S.W.2d 838, 841; State v. O'Brien, Mo.Sup., 245 S.W. 2d 857, 858; State ex rel. Stewart v. Blair, 357 Mo. 287, 208 S.W.2d 268, 275. Therefore, whether or not this could have been a disqualification, there is nothing preserved for appellate review as to this contention. We have examined the record as required by Rule 28.02, 42 V.A.M.S., and find no error respecting the sufficiency of the information, verdict, judgment and sentence.

The judgment is affirmed.

All concur.