STATE of Missouri, Respondent,

v.

Horace Edward WILLIAMS, Appellant.

No. 48203.

Supreme Court of Missouri,
Division No. 2.
Feb. 13, 1961.

Clarence E. Godfrey, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Calvin K. Hamilton, Asst. Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Horace E. Williams was charged by indictment with stealing a Chevrolet, 1955 model, motor vehicle. (§ 560.161, Laws 1957, p. 376.) The charge was under the Habitual Criminal Act. § 556.280. Statutory references are to RSMo 1949, and V.A.M.S., unless otherwise indicated. The jury returned a verdict of guilty, and the court, proceeding under Laws 1959, S.B. 117, repealing and reenacting said § 556.-280, assessed defendant's punishment at five years' imprisonment. Defendant duly appealed. Defendant has filed no brief in this court; but in his motion for new trial he attacked the submissibility of the State's case; the constitutionality of the court's proceeding under said S.B. 117, and the admissibility of certain evidence.

I Thomas J. Zenner, at about 9:30 a. m. on July 23, 1959, parked his 1955 Chevrolet, two-door, Bel Air automobile on the levee in the City of St. Louis. His car could not be found when he returned at 12:45 p. m. He had his keys with him and had not given any person permission to take it. He notified the police. On July 26th, he, in answer to a call by the police department, identified an automobile they had taken possession of as his. On July 24th, a negro, identified as defendant, came to Louis Garner's salvage yard in the City of St. Louis and offered to sell Garner a 1955 Chevrolet automobile, stating he and his wife had separated and his lawyer had told him if he didn't sell the car he wouldn't have anything as she had sold the furniture. Defendant priced the car at $300 but later dropped to $250. Garner said he would have to ride in the car. Defendant left and returned in a few minutes with the car. Garner agreed to pay $250 for the car and asked for the title. Defendant handed him a certificate of title but it was not signed by the person whose name appeared as owner. Garner told defendant the transfer would have to be signed and notarized. Defendant stated he would "get the man." Defendant returned with a "real stout white fellow a large man." The three went to Lee Bennett's, a notary, next door. The white man had difficulty in writing the name of the owner and, after signing the title, handed it to Mr. Bennett. The white man was asked for some identification. He said he didn't have any; that he was at the dinner table when defendant came for him. Defendant and the white man then "took off like that," leaving the automobile at Garner's and the title with Bennett. Garner found two or three different numbers on the title and called the police. The police watched for defendant to return for the automobile, and, when no one came for it, had it moved to the place where Zenner identified it. The testimony was that the number on the motor block had been made undecipherable, and the "confidential number" did not correspond with the number on the title certificate delivered to witness Bennett. Defendant was identified by Garner and Bennett, and other witnesses.

Defendant offered no evidence in his behalf.

The foregoing made a submissible case for the State, and assignments in defendant's motion for new trial bearing on a case made need no further development. State v. Reagan, Mo., 328 S.W.2d 26, 29 [5–7]; State v. Woolsey, Mo., 328 S.W.2d 24 [2, 3]; State v. Bayless, 362 Mo. 109, 240 S.W.2d 114, 120 [5].

II This offense was committed July 23, 1959. Laws 1959, S.B. 117 (repealing and reenacting § 556.280 of our Habitual Criminal Act), became effective August 29, 1959. The indictment was returned November 24, 1959. The trial was had in January, 1960.

Prior § 556.280, so far as material, required that evidence of an accused's prior conviction, imprisonment, and discharge from the penitentiary upon pardon or compliance with the sentence be presented to the jury with instructions to the jury, upon a finding of such facts with a verdict of guilty of the offense on trial, to impose the longest term of imprisonment authorized for the offense on trial.

Under said S.B. 117, reenacting said § 556.280, so far as material here, one convicted of a prior felony and sentenced, who is thereafter charged and convicted of a subsequent felony, is to receive such punishment for the subsequent offense as the trial judge determines after hearing the evidence of the prior conviction out of the hearing of the jury. Consult State v. Morton, Mo., 338 S.W.2d 858, 861.

The indictment was under prior § 556.-280, charging two separate convictions, et cetera. The trial court proceeded with respect to the habitual criminal charge under the provisions of said S.B. 117, new § 556.280. The State charged and established at a hearing out of the presence of the jury every essential element called for under old § 556.280. The trial judge found "that this defendant was previously convicted of prior felonies and that he has served his sentences and has been duly discharged." The jury found defendant guilty of the offense on trial. Section 560.161 authorizes a punishment for defendant's offense ranging from a fine or jail sentence, or both, to imprisonment from two to ten years, and the trial judge assessed defendant's punishment at five years' imprisonment.

Defendant alleged in his motion for new trial "that the court erred in failing to sustain defendant's motion to strike the alleged prior convictions from the indictment and in applying" said S.B. 117, on grounds hereinafter noted that his constitutional and statutory rights had been violated. Defendant's motion for new trial is verbose and a number of the grounds overlap. Defendant's contentions are that the court erred in passing on the issue of his prior convictions and in assessing his punishment and in not submitting said issues to the jury, because such action by the court:

(1) Caused said S.B. 117 to act retrospectively and as an ex post facto law in contravention of Art. 1, § 13, Mo.Const., V.A.M.S., and Art. 1, § 10, clause 1, U.S. Const., in that it (a) deprived defendant of having a jury pass on the fact issues involved under the Habitual Criminal Act; and (b) required different and lesser evidence than under old § 556.280 in that reenacted § 556.280 no longer requires a finding that defendant has been discharged upon pardon or upon compliance with the sentence imposed by the prior conviction.

(2) Deprived defendant of his liberty without due process of law and denied defendant the equal protection of the law in contravention of Art. 1, § 10, Mo. Const., and Amend. 5 and Amend. 14, § 1, U.S.Const. Amendment 5, U.S.Const., is a limitation upon the powers of the Federal Government and has no application to actions by the states. State v. Brookshire, Mo., 325 S.W.2d 497 [2, 8].

(3) Deprived defendant of his right to a trial by jury in contravention of Art. 1, § 22(a), Mo.Const.

State v. Morton, Mo., 338 S.W.2d 858, 861 et seq., points out that under Missouri law it is constitutional to authorize either the court or the jury to assess the punishment in a felony case, and holds that Laws 1959, S.B. 117, repealing and reenacting § 556.280, is procedural in nature, and that a trial after the effective date of and under the procedure prescribed by S.B. 117 for determining the applicability of the Habitual Criminal Act and, if found applicable, the assessment of the punishment by the trial judge of one found guilty as an habitual criminal under a charge of committing the felony on trial prior to the effective date of S.B. 117 was not a proceeding under a statute retrospective in its operation and amounting to an ex post facto law; did not deprive an accused of due process of law or of the equal protection of the law, and did not deprive an accused of any constitutional right to have a jury pass on his prior conviction and punishment. The Morton case is followed in State v. Griffin, Mo., 339 S.W.2d 803, 806, and State v. Wolfe, Mo., 343 S.W.2d 10.

■ (4) Defendant contended in the trial court that since the principal offense was committed July 23, 1959, and said S.B. 117 effected the repeal of former § 556.280 as of August 29, 1959, and the application of reenacted § 556.280 violated constitutional rights, neither the former nor the reenacted § 556.280 applied; and herein of his contention that reenacted § 556.280 is not applicable because it no longer requires a finding that defendant has been discharged upon pardon or compliance with his prior sentence (II, (1), (b), supra). For many years prior to the date of defendant's offense, § 1.160 (Laws 1957, p. 592) of the chapter on Construction of Statutes, so far as here material, was to the effect that no offense committed previous to the repeal or amendment of any statutory provision was to be affected by the repeal or amendment, "except (1) that all such proceedings shall be conducted according to existing laws; and (2)

that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law." Consult § 1.180 (Laws 1957, p. 592). Defendant was not entitled to have his motion to strike the allegations invoking the Habitual Criminal Act from the indictment sustained. Consult State v. Mathews, 14 Mo. 133, 136. As stated, the State proved all the essential elements for the application of the Habitual Criminal Act under prior § 556.280, as well as under reenacted § 556.280. The punishment to which defendant was subject under former § 556.-280 and § 560.161 was ten years' imprisonment. The trial judge assessed defendant's punishment at five years' imprisonment. Applying the general saving provisions of § 1.160 to the facts of record, defendant is in no position to complain of the court's proceeding under reenacted § 556.280, which is more favorable to him than prior § 556.280. See State v. Griffin, Mo., 339 S.W.2d 803, 806 [9].

■ (5) Defendant also says that ¶3 of said S.B. 117 deprives defendants of their right to a trial by jury as guaranteed by Art. 1, § 22(a), Mo.Const., and violates Art. 1, § 13, Mo.Const., prohibiting ex post facto laws. Said ¶3, briefly, makes S.B. 117 applicable to a subsequent offense committed by one pending his appeal from a conviction in the trial court upon the affirmance of the judgment or dismissal of his appeal. It has no application to any fact of this record, and defendant points out no legal ground for his invoking a constitutional issue with respect to said ¶3 in his behalf. "The sum of the matter is, not that his neighbor is hurt, but that a litigant himself must be hurt by the unconstitutional exercise of power before he may vex the judicial ear with complaints." State ex rel. Crandall v. McIntosh, 205 Mo. 589, 605, 103 S.W. 1078, 1082. See Rust v. Missouri Dental Board, 348 Mo. 616, 155 S.W.2d 80, 85 [8]; State ex rel. State Board of Medi-

ation v. Pigg, 362 Mo. 798, 244 S.W.2d 75, 79 [5, 6]; State v. Armour Pharmacy, Inc., Mo., 152 S.W.2d 67 [1].

(6) Section 546.040 provides: "All issues of fact in any criminal cause shall be tried by a jury * * *." We understand defendant takes the position that since § 546.040 was not repealed, repealing and reenacting § 556.280 by S.B. 117 did not modify, alter or affect the quoted portion of § 546.040. We know of no restriction on the power of the General Assembly to modify, enlarge or restrict within applicable constitutional provisions the effect of an enactment of a prior General Assembly. Consult State v. Bressie, 304 Mo. 71, 262 S.W. 1015 [1, 2]. The contention is without merit.

III Defendant claims error in overruling his objections to Officer McDonnell's testimony "as to his actions after certain phases of his investigation, as this is hearsay, and would establish ownership of the automobile in question." Officers McDonnell and O'Toole were detectives assigned to the auto theft squad of the police department, and investigated the theft of witness Zenner's automobile. Officer McDonnell, when asked to state what he did, answered that O'Toole and he made the investigation, and: "Upon examination of the vehicle, we found a 1959 city sticker on the windshield. The records at the City Hall—." Here defendant's objection on the ground the testimony would be hearsay and the record would be the best evidence was sustained. McDonnell was then asked if he checked the records as to the city sticker. "A Yes, sir. Q Now, after you checked those records, what did you do?" Defendant's objection on the ground of hearsay was overruled, and the officer answered: "We found the city sticker—." The State's attorney interrupted and informed the witness he could not testify to what he may have found, but could state what he did after checking the records, but not what the records reflected. "A We checked our own auto theft records and found on vehicle—." Defendant's counsel interrupted and renewed his objection, which the court sustained, stating the records should be produced. Again, the officer was asked to tell "what you did then, not what you found, what you did." Defendant's counsel renewed his objection, which was overruled, and the officer answered: "We further examined the vehicle for the confidential serial number." This is the extent of the testimony referred to in the motion for new trial. The court was restricting the officer's testimony to what he did, and was excluding testimony that was not the best evidence or subject to the objection it was hearsay. We find no error.

IV Supreme Court Criminal Procedure Rule 27.20, V.A.M.R. provides that motions for new trial "must set forth in detail and with particularity, in separate numbered paragraphs, the specific grounds or causes therefor." See § 547.030. These provisions have been held mandatory. State v. Gaddy, Mo., 261 S.W.2d 65 [2, 4] (citing cases). Defendant's motion for new trial assignment that the court erred in giving "Instructions numbered 1, 2, 3, and 4, because in their toto, these instructions fail to give all the law appertaining to the case" fails to "set forth in detail and with particularity" any law of the case that was not covered by the instructions and preserves no issue for review. State v. Bledsoe, Mo., 254 S.W.2d 618, 621 [1]; State v. Lamb, Mo., 239 S.W.2d 496 [2]; State v. Cobb, 359 Mo. 373, 221 S.W.2d 745 [18].

V Section 560.161 authorizes a punishment for defendant's offense up to ten years' imprisonment. The sentence of five years' imprisonment, imposed by the court, clearly is not subject to the asserted error that the "verdict" constituted "cruel and unusual punishment." State v. Benjamin, Mo., 309 S.W.2d 602, 607 [11, 12]; State v. Edmonson, Mo., 309 S.W.2d 616, 620 [10–12].

Our examination of the matters of record required by Rule 28.02 does not disclose any reversible error.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.